OPINION OF THE COURT
Frank A. Sedita, Jr., J.
The court has previously decided the standing and timeliness issues. The substantive issues remain for resolution.
Petitioners challenge respondents amendment of their solid waste policy. Petitioners claim that the amendment operates as an infringement of privacy rights guaranteed by the United States and New York Constitutions. Respondents oppose the challenge and argue that the amendment represents a valid exercise of the Village’s police power.
*494 The amendment added the words, “place garbage in clear BAGS ONLY OR GARBAGE WILL NOT BE COLLECTED (AS OF JUNE 1, 1999),” to its previously enacted solid waste policy. During the discussion concerning the amendment the board members claimed that the Village would enjoy reduced trash collection costs and encourage residents’ recycling efforts.
Petitioners claim that the amendment requires them to disclose to the public evidence of their daily living choices and unfairly impacts on the quality of their life-style. Petitioners believe that the ordinance deprives them of their right to keep family information private. Petitioners argue that the Village did not adequately study the recycling issue and failed to explore other less intrusive solutions to the solid waste collection problem.
Respondents claim that the Village is required to implement the recycling policy pursuant to New York State rules and regulations. The solid waste policy has been in existence since 1981 and recycling has been mandatory since 1992. The Village Board members believed that the use of clear bags would simplify trash collection, enhance recycling and result in lower solid waste disposal costs.
The Fourth Amendment of the United States Constitution provides that “[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.” New York Constitution, article I, § 12 contains the identical provision.
United States Supreme Court in Griswold v Connecticut (381 US 479) reasoned that the specific guarantees in the Bill of Rights had penumbras, formed by emanations from those guarantees that helped give them life and substance. The Court went on to say that guarantees of the right to privacy applied to all invasions, on the part of the government and its employees, of the sanctity of a man’s home and the privacy’s of his life. “ Tt is not the breaking of the doors and the rummaging of his drawers, that constitutes the essence of the offence; but it is the invasion of his indefeasible right of personal security, personal liberty and private property, where that right has never been forfeited by his conviction of some public offence * * * which underlies and constitutes’ ” the violation of a privacy right (Griswold v Connecticut, supra, at 484, n, quoting Boyd v United States, 116 US 616, 630, citing Entick v Carrington, 19 How St Tr 1029).
The Supreme Court of Vermont in State v Morris (165 Vt 111, 680 A2d 90) concluded that citizens have an objectively *495 reasonable privacy interest in the contents of their trash. The Court found that unconstrained government inspection of people’s trash was not consistent with the principles of a free arid open society. The finding is not disturbed by the Supreme Court’s decision in California v Greenwood (486 US 35). The Court in Greenwood found that the voluntary placement of trash in opaque bags constituted an abandonment of an individual’s privacy interest. The existence or nonexistence of a right of privacy was not determined by the Court. The Court there said that any right of privacy had been abandoned.
The issue is the right of citizens to keep private the essence of their daily living activities. The right of citizens to be free from unreasonable interference with their daily activities should not be lightly disturbed. It is incumbent upon the government to show an overriding need to interfere before such action can receive judicial approval.
The Village in its responding papers has not demonstrated that the use of clear garbage bags is the only method that can meet the State’s recycling requirements. In the absence of such proof the Village is unable to demonstrate that the ordinance constitutes a valid exercise of its police power. Therefore, the ordinance must be struck down as an unconstitutional exercise of the Village’s police power.